UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON,

Plaintiff,

v.

KEITH HOLLAND,

Defendant.

Case No. 1:26-cv-04229-KES-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S *IN FORMA PAUPERIS* APPLICATION BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION

(ECF No. 7)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

Plaintiff Michael Bruce Anthony McPherson is a state prisoner proceeding *pro se* in this action filed on June 2, 2026. (ECF No. 1). Plaintiff's complaint names Keith Holland, Clerk of Court, United States District Court for the Eastern District of California, as the sole defendant.

Plaintiff has also filed a motion to proceed *in forma pauperis* in this action. (ECF No. 7). Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action, and because he was not in imminent danger of serious physical injury at the time he filed it, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**I. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

Pertinent here is the so called "three strikes provision" of 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while

> incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g), "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute, 'fail[ure] to state a claim upon which relief may be granted,' to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

## II. ANALYSIS

### A. Strikes

Plaintiff filed this action on June 2, 2026. (ECF No. 1). Plaintiff has filed at least 16 cases since 2023[1]. Since January 2025, Plaintiff has filed at least twelve cases, including the present action.

The Court takes judicial notice[2] of the following three cases, each of which counts as a "strike": (1) *McPherson v. Kendall J. Newman, et al.,* No. 2:24-cv-00354-KJM-CSK (E.D. Cal. Jan., 30 2024) (dismissed for failure to state a claim); (2) *McPherson v. B. Carpenter*, No. 2:25-cv-0202-DC-CSK (E.D. Cal. Jan. 23, 2025) (dismissed for failure to state a claim); and (3) *McPherson v. Barr,* No. 2:20-cv-1206-EFB (E.D. Cal. June 17, 2020) (dismissed for failure to state a claim).

### B. Imminent Danger

Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at

---

[1] Plaintiff's prison ID is BL-3935 and is associated with the following names: Makfarsan, Makal Bursamtone; McPherson, Michael Bruce Anthony (acting as petitioner); and McPherson, Michael Bruce Anthony (acting as plaintiff).

[2] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, there is a nexus requirement between the danger alleged and the claims asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at 1055.

Plaintiff's complaint does not allege he is in imminent danger. Plaintiff alleges in his complaint that he received a judgment against the warden at the California Substance Abuse Treatment Facility. (ECF No. 1 at 4). Plaintiff seeks to execute on that judgment as a "judgment creditor" against the warden as a "judgment debtor" by requiring Defendant, as Clerk of Court, to issue a writ of execution and a release from custody. (*Id.*) There are no claims or allegations of imminent harm.

Because Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

**III. CONCLUSION, ORDER, AND RECOMMENDATIONS**

The Court concludes that, under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action.

And **IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 7).
2. Pursuant to 28 U.S.C. § 1915(g), Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.
3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 28, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE